See Cleveland-Akron Bus Co. v. Dombrosky, this Abstract.

Attorneys—Not given.

---

No. 518
CLEVELAND-AKRON BUS CO. v. DOMBROSKY, Admr.
Ohio Appeals, 8th Dist., Cuyahoga County
Taken to Supreme Court on motion to certify, No. 18478.
No. 3942. Decided March 10, 1924

1245. VERDICT—Verdict held not mani-° festly against weight of evidence.

225. CHARGE OF COURT—Where court modifies charge it becomes duty of counsel to request the definitions of terms or he cannot complain later of error in this respect.

829. NEGLIGENCE—Where a road is part dirt and part paved, no error is committed in charging jury that each party was entitled to use, in operating automobile, part of improved road.

1273. WITNESSES—Where a witness states that he was interviewed by an insurance company of defendant, no prejudicial error is committed as this inadvertance cannot be imputed to plaintiff.

LEVINE, J.                    Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action by Dombrosky to recover for wrongful death of plaintiff's decedent. The decedent was a passenger on a bus which collided with a truck on the public highway in the Village of Bedford, Ohio. The plaintiff claimed that the Bus Company was negligent in various respects, but most particularly in that it carelessly, negligently, and unlawfully, operated its automobile at a high and dangerous rate of speed, to-wit, 30 to 35 miles per hour, in violation of 12603 GC. and Ordinance 301, Secs. 1 and 2 of Bedford Village. Several interested witnesses testified for plaintiff and several disinterested witnesses for defndant.

On cross examination of one of the plaintiff's witnesses he was asked by defendant's counsel whether it was not a fact that he had signed a written statement exonerating the driver of the Motor Bus Company from all blame and from any charge of negligence, and putting the entire blame upon the driver of the motor truck. Upon re-direct examination counsel for plaintiff inquired into the circumstances of the signing of said statement. He asked witness, among others, as to who was the person who solicited him to sign that statement, and the witness volunteered the answer: "Some one from the Insurance Company."

In the court's charge to the jury, the court said: "If he was operating the bus at a rate of speed greater than 15 miles an hour at time of and immediately prior to the collision, his conduct in so operating the bus at that speed under the Ordinances of the City of Bedford would be evidence of negligence. If he was operating the bus at a rate of speed greated than 20 miles an hour, that would be negligence under the laws of the State of Ohio." Counsel for the defendant brought to the court's attention that violation of the state law was only prima facie evidence of negligence, whereupon the court so stated the jury. Counsel then requested the withdrawal of the Ordinance from the jury upon the ground that it was in conflict with the state law. The court withdrew the ordinance from the consideration of the jury. The jury returned a verdict for $12,500 for plaintiff. The defendant prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. Although the witness who testified for plaintiff may have been interested, it cannot be said that the verdict was manifestly against the weight of the evidence.

2. As the trial court withdrew the village ordinance, and also corrected his statement to the jury to the effect that a speed greater than 20 miles per hour was only presumptive evidence of negligence, it became the duty of counsel for defense to request the court to define presumptive negligence, and there was no error on the part of the court in failing so

to do. Schwenger-Klein Co. v. Williman, post page.

3. In an action brought to recover damages for injuries or wrongful death resulting from the collision of automobiles, busses or trucks upon a highway improved to a width of 16 feet with a dirt road at the side thereof, it is not error to instruct the jury that "the road means the imporved portion of the road. In this case it would be the paved portion of the road."

4. The action of a witness in stating that a representative from an insurance company got him to sign a statement is not prejudicial error, as counsel for the plaintiff did not ask the witness what occupation the person who solicited his signature was engaged in, but merely asked for the latter's name.

Attorneys—John H. McNeal, for Cleveland-Akron Bus Co.; Charles T. Rich, for Dombrosky; both of Cleveland.